QUESTION: Is the cost of monthly rental parking for private automobiles for parole and probation officers an expense properly chargeable against public funds?
SUMMARY: Although the operations of the Parole and Probation Commission may be somewhat benefited thereby, the renting of permanent automobile parking spaces by the commission for certain employees thereof who drive their automobiles to work is primarily of personal benefit to the employees involved and is an unauthorized expenditure of public funds. It is a fundamental rule that public moneys may be expended only for public purposes. Article VII, s. 10, State Const. However, if the paramount purpose of a public expenditure is a public purpose, such expenditure may as an incident thereto lawfully benefit private individuals. Williams v. Turrentine, 266 So.2d 81 (4 D.C.A. Fla., 1972). More specifically, in a previous letter of this office dated August 26, 1971, to the Tax Assessor of Palm Beach County, he was advised that county funds should not be used to pay personal parking fees incurred by employees of his office who drove their private automobiles to work. The letter stated in part as follows: The proper expenditures under your Office Expenses are such expenditures that directly relate to expenditures necessary to carry out the duties of your office. To charge rental parking expenses of your employees and your self [sic] to Office Expenses would not appear to come within the purview of Office Expenses. Said parking space expense would not appear to be necessary to the functions of your office and more directly inure to the private benefit of your employees. Cf. AGO 074-74 in which it was held that the rental parking expenses incurred by employees of a state attorney's office in the operation of state or county owned vehicles for official business and not for purposes which were personal to the employees concerned could be paid from public funds properly budgeted and appropriated therefor. Against this background, I am of the opinion that, although the operations of the Florida Parole and Probation Commission may be somewhat benefited thereby, the renting of permanent automobile parking spaces by the commission for certain employees thereof who drive their automobiles to work is primarily of personal benefit to the employees involved and is an unauthorized expenditure of public funds. (It might be noted that the conclusion reached herein, which is consistent with the general proposition that expenses incurred by public employees traveling to and from work are personal expenses, should not be deemed to restrict a public employee's entitlement to the transportation expenses provided by s. 112.061, F.S., when traveling away from his official headquarters.)